**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin J.F.Q.,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

No. 26-cv-790 (KMM/SGE)

**ORDER**

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Kevin J. F. Q. ("Kevin Q" or "Petitioner"). (Dkt. 1.) Petitioner asks the Court to order his immediate release from his current detention by federal immigration authorities or, in the alternative, to require those officials to grant him a bond hearing under 8 U.S.C. § 1226(a). Respondents argue that the Court should dismiss the petition for lack of jurisdiction or transfer venue to the Western District of Texas, San Antonio Division, because Kevin Q was not in custody in Minnesota when he filed his petition, or to deny the petition on its merits. For the reasons that follow, this matter is transferred to the Western District of Texas.

## BACKGROUND

The relevant facts are not in dispute. (*See* Dkt. 6 at 2.) Kevin Q is a 27-year-old Ecuadorian national. (Dkt. 2 ¶ 12.) He entered the United States on December 31, 2022 when the government granted him "humanitarian parole" under 8 U.S.C. § 1182(d)(5)(A). (*Id.* ¶ 1.) Since entering the country, Kevin Q has lived in Minnesota and developed strong

ties to the community. (*Id.* ¶ 3.) Kevin Q filed an application for asylum in December 2023, which remains pending. (*Id.* ¶¶ 2, 4.) He has no criminal history, was never placed in removal proceedings, never missed any required immigration appointment, nor violated any condition imposed by immigration authorities. (*Id.* ¶ 24.)

Agents from Immigration and Customs Enforcement ("ICE") arrested Kevin Q on January 13, 2026. (*Id.* ¶ 4.) They did not have either a judicial or administrative warrant for his arrest. (*Id.* ¶ 44.) Following his arrest, on January 15, 2026, ICE transferred Kevin Q to El Paso East Montana Camp in El Paso, Texas. (*Id.* ¶ 26; Dkt. 6 at 2.) Then ICE transferred him from El Paso to the South Texas ICE Processing Center in Pearsall, Texas, on January 26, 2026. (Dkt. 6 at 2.) Kevin Q filed his petition on January 28, 2026. (Dkt. 2.)

## DISCUSSION

### I. Proper Forum

Respondents first challenge the Court's jurisdiction to address this matter because ICE transferred Kevin Q to the Western District of Texas before he filed the petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Kevin Q's pre-filing transfer to Texas creates a "jurisdictional defect." (Dkt. 6 at 2–3.) To the extent Respondents suggest that Kevin Q's transfer deprives the Court of subject matter jurisdiction, the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Southern District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging

physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the immediate custodian]." *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the "immediate custodian" and "territorial jurisdiction" rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").[1]

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines Respondents' invitation to dismiss this matter for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where he was confined that "defect did not deprive the district court of subject matter jurisdiction").

[1] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are "best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring).

Even though the Court has subject-matter jurisdiction, that conclusion does not necessarily end the inquiry regarding the proper forum for Kevin Q's challenge to his confinement. Respondents argue that the Court should transfer Kevin Q's petition to the Western District of Texas.[2] (Dkt. 6 at 3.) *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the San Antonio Division of the Western District of Texas. The Western District of Texas was also the district of confinement when Kevin Q filed his petition in this District. Accordingly, the proper forum for Kevin Q's petition is in the Western District of Texas, not in this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at

[2] Respondents cite 28 U.S.C. § 1406(a) to support their alternative transfer request. (Dkt. 6 at 3.) Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[3] But this exception does not apply here because the allegations in the petition show that Kevin Q's counsel knew he was located in Texas at the time the petition was filed. (Dkt. 2 ¶¶ 6, 11, 12, 26.)

Petitioner also argues that venue is proper in this District under 28 U.S.C. §§ 1391(b) and (e). (Dkt. 7 at 4–5.) But courts have held that 28 U.S.C. § 1391 does not apply in habeas proceedings. *See Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971) ("Though habeas corpus is technically 'civil,' it is not automatically subject to all the rules governing ordinary civil actions."); *Obando-Segura v. Garland*, 999 F.3d 190, 196 (4th Cir. 2021) ("But [*Schlanger*] held that 'civil action' [as used in § 1391] did not encompass a habeas proceeding, so the custodian could not be served."); *Cristian O. v. Bondi*, No. 26-cv-853 (PAM/LIB), 2026 WL 266167, at *1 (D. Minn. Feb. 2, 2026) ("[T]he Supreme Court concluded long ago that § 1391(e) does not apply to habeas proceedings.") (citing *Schlanger*, 401 U.S. at 490 n.4).

[3] This case differs materially from the undersigned's recent decision in *Aleksander B*. There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about his location for several days. 2026 WL 172435, at *3. Here, Kevin Q was transferred out of this District over two weeks before the Petition was filed and counsel does not raise any concerns about identifying his location during this period.

Under these circumstances,[4] the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas, San Antonio Division. The Clerk of Court is directed to effectuate the transfer without delay.

Date: February 4, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

[4] There is no suggestion in the record that Respondents transferred Kevin Q out of Minnesota specifically to deprive this Court of jurisdiction or to shop for a more favorable forum.